It is not easy to conceive for what purpose the third section of the act of 1806, ch. ___, entitled "An act declaring what gifts of slaves shall be valid, and for the prevention of frauds," was inserted. I think the act of limitation, passed in 1715, answers the same purpose. The act was made in reference to a done out of possession. It declares "that any person claiming title to any slave by virtue of any parol gift heretofore made, shall commence or prosecute his suit for the same within three years from the passing of that act, otherwise the same shall be forever barred." If the question be asked, for what shall be prosecute his suit, the answer is, for the slave to which he claims title. If the suit be not prosecuted within three years, what is to be barred? The answer is, the suit, which shall be brought after three years.
If is be said that the title shall be barred, it must also be said that the suit was brought for the title of the negro, and not for the negro. This construction will not suit the phraseology of the act. The Legislature might have intended to *Page 332 
take away the right as well as the remedy; but if they have not so expressed themselves, we cannot do it for them. If this act has no other effect than the act of limitations, passed in 1715, we may reasonably suppose that the framers of it intended something else; but on that the account we (538) are not at liberty to guess at that intention, and carry it into effect, because it is our duty to judge of laws that are made, not to legislate. If there had been no act of limitations before the one in question, I think there could be no difficulty in giving a construction to it; and I think the same construction ought to be given to it, notwithstanding the existence of that act. It does not appear to me that there are any words in the act of 1806, that contemplate a case like the one under consideration. We surely cannot collect from the act, that a longer possession than three years should work an indefeasible title in the possessor, but only that it should bar the remedy; and the remark may go for as much as it is worth, that the word bar is technically applied to actions and suits. The rule for a new trial must be discharged.
TAYLOR, Chief Justice, concurred.
Cited: Lynch v. Ashe, 8 N.C. 341. (539)